UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COLIN PEARCE and HOWARD HARDIN,<br><br>　　　　　　　　　　　Defendants. | Case No.:  25-CV-1392 JLS (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO DEPOSIT INTERPLEADER FUNDS**<br><br>(ECF No. 23) |

　　　　Presently before the Court is Plaintiff Farmers New World Life Insurance Company's ("FNWL") Renewed Motion to Deposit Interpleader Funds ("Mot.," ECF No. 23). FNWL filed this interpleader action on June 2, 2025, seeking a determination as to the rightful beneficiary of a disputed life insurance policy. *See generally* ECF No. 1 ("Compl."). FNWL named two Defendants—Colin Pearce and Howard Hardin—as adverse claimants, each of whom asserts a right to the policy's death benefit. *Id.* FNWL immediately requested permission to deposit the disputed $1,000,000 death benefit with the Clerk of the Court, *see* ECF No. 5, but the Court denied that request as premature because there was "no indication that either of the Defendants ha[d] notice of the request, as is plainly required by [Federal Rule of Civil Procedure] 67," ECF No. 7. In the instant Motion, FNWL renews its request to deposit the disputed $1,000,000 death benefit with the Clerk of the Court now that both Pearce and Hardin have been offered the opportunity

to object. Mot. at 2. While Pearce has expressly consented to FNWL's requested relief, *see* ECF No. 24, FNWL represents that Hardin has not responded "despite numerous requests for consent." Mot. at 2. Hardin, meanwhile, has not filed any objection to the Motion in this Court. *See generally* Docket.

Under Federal Rule of Civil Procedure 67(a), "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). "Rule 67 is typically employed when an interpleader, usually a bank or insurance company, disclaims all interest in a definite sum of money, and requests the court's permission to deposit the money into the registry of the court until it can be determined how the funds should be divided among the multiple parties claiming entitlement." *HDR Env't, Operations and Constr., Inc. v. Deason*, No. 15cv1402 JAH (NLS), 2018 WL 2287333, at *1 (S.D. Cal. May 17, 2018) (citing *Bank of China v. Wells Fargo Bank & Union Tr. Co.*, 209 F.2d 467 (9th Cir. 1953)). Depositing the funds with the court protects the stakeholder from "the possibility of court-imposed liability to a second claimant where the stakeholder has already voluntarily paid a first claimant." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). "The Court has discretionary authority to allow the deposit of funds pursuant to Rule 67." *Aaron v. Atchison, Topeka & Santa Fe Ry. Co.*, No. 1:96-cv-6180-KES-BAM, 2025 WL 931927, at *2 (E.D. Cal. Mar. 27, 2025) (citing *Lasheen v. Loomis Co.*, No. 2:01-cv-0227-KJM-EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018)).

Whereas FNWL's prior request to deposit the disputed funds was premature, the instant request is now appropriate. Pearce has noted his non-opposition to the requested deposit, and while Hardin has not expressly consented, no such express consent is required so long as "the funds in question [are] genuinely 'in dispute.'" *Hubbard v. Plaza Bonita, LP*, No. 09-CV-1581 JLS (JMA), 2020 WL 3441027, at *1 (S.D. Cal. June 23, 2020) (quoting *Gulf State Util Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987)). In

any event, the Court construes Hardin's silence as consent to the Motion being granted now that Hardin has executed a waiver of service of the Complaint and Cross-Complaint. *See* S.D. Cal. CivLR 7.1(f)(3)(c); ECF Nos. 19, 26. Because FNWL is "a disinterested stakeholder subject to adverse competing claims to the Death Benefit and is exposed to multiple and/or inconsistent liabilities," the Motion to Deposit Interpleader Funds is properly granted. *Penn Mut. Life Ins. Co. v. Est. of Smith*, No. 1:23-cv-00722-SAB, 2023 WL 5835904, at *3 (E.D. Cal. Sept. 8, 2023).

Though FNWL's Motion is meritorious, the Court finds occasion to briefly weigh in on FNWL's selection of authority for proceeding in this matter. "Federal civil procedure allows two mechanisms for invoking interpleader—statutory interpleader under 28 U.S.C. § 1335 and rule interpleader under Rule 22—and their jurisdictional requirements differ." *MacPherson-Pomeroy v. N. Am. Co. for Life and Health Ins.*, No. 1:20-cv-00092-DAD-BAM, 2022 WL 1063039, at *6 (E.D. Cal. Apr. 8, 2022). While Rule 22 "is merely a procedural device," requiring some independent "statutory grant of jurisdiction," statutory interpleader under § 1335 "requires that two or more of the adverse claimants to the interpleaded funds be 'of diverse citizenship as defined in section 1332 of this title.'" *Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988) (quoting 28 U.S.C. § 1335(a)(1)). Thus, to proceed under statutory interpleader, there must be "'minimal diversity,' that is, diversity of citizenship between two or more claimants." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

FNWL's filings betray mixed signals as to whether this is a statutory interpleader or rule interpleader case. In its Complaint, FNWL alleges the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because FNWL is of diverse citizenship from Pearce and Hardin. Compl. ¶ 4. The Court concurs with that assessment, presuming FNWL is indeed a Washington citizen and Pearce and Hardin are both California citizens, as alleged. *See id.* ¶¶ 1–3. Yet in the instant Motion, FNWL cites 28 U.S.C. § 1335 as the authorizing statute under which deposit of interpleader funds is

permitted. *See* Mot. at 1. If FNWL's allegations of citizenship are true, however, then § 1335 is facially inapplicable because there is no diversity of citizenship amongst the adverse claimants. *See* 28 U.S.C. § 1335(a)(1).

Process of elimination, thus, yields just one viable mechanism under which FNWL may proceed—Rule 22 interpleader. Unlike statutory interpleader, "a deposit is not a jurisdictional requirement to rule 22(1) interpleader," contrary to the suggestion in FNWL's Motion that depositing the disputed death benefit is a jurisdictional necessity in this case. *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 82 (9th Cir. 1982) (citing *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976)). But the "Court's decision to allow the deposit of property pursuant to Rule 67 is discretionary" regardless of which procedural mechanism FNWL proceeds under. *See Banner Life Ins. Co. v. Rocha*, No. 1:25-cv-00207-CDB, 2025 WL 1864859, at *2 (E.D. Cal. June 20, 2025). Therefore, FNWL's request to deposit the disputed funds is nevertheless appropriate, though FNWL is cautioned against invoking any features of statutory interpleader unless the jurisdictional prerequisites of § 1335 are satisfied.

Accordingly, FNWL's Motion (ECF No. 23) is **GRANTED**. FNWL **SHALL**, at its convenience, deposit with the Clerk of the Court a check made payable to the "Clerk of Court, U.S. District Court, Southern District of California" in the amount of $1,000,000.00, plus any accrued interest. The Clerk of the Court **SHALL** deposit the funds in an interest-bearing account.

**IT IS SO ORDERED.**

Dated: August 22, 2025

Hon. Janis L. Sammartino
United States District Judge