UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COLIN PEARCE; HOWARD HARDIN,<br><br>Interpleader Defendants. | Case No.:  25-CV-1392 JLS (MSB)<br><br>**ORDER GRANTING FARMERS NEW WORLD LIFE INSURANCE COMPANY'S UNOPPOSED MOTION FOR DISCHARGE, ATTORNEYS' FEES, AND DISMISSAL WITH PREJUDICE**<br><br>(ECF No. 42) |
| COLIN PEARCE,<br><br>Counter-Claimant,<br><br>v.<br><br>FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>Counter-Defendant. | |
| COLIN PEARCE,<br><br>Cross-Claimant,<br><br>v.<br><br>HOWARD HARDIN<br><br>Cross-Defendant. | |

25-CV-1392 JLS (MSB)

Presently before the Court is Plaintiff Farmers New World Life Insurance Company's ("FNWL") Unopposed Motion for Discharge, Attorneys' Fees, and Dismissal with Prejudice ("Mot.," ECF No. 42). Also before the Court is Defendant Colin Pearce's ("Pearce") Notice of Non-Opposition to FNWL's Motion (ECF No. 48).

## BACKGROUND

This case arises out of a dispute over a term life insurance policy issued by FNWL. On or about October 1, 2007, Cesar Mendez (the "Decedent") applied for a term life insurance policy from FNWL. ECF No. 1 ¶ 6 ("Compl."). This application designated Pearce as the primary beneficiary and did not designate a continent beneficiary. *Id.* ¶ 7. On or about October 14, 2007, FNWL "issued life insurance policy number 008074756 with a death benefit of $1,000,000 insuring the life of the Decedent (the "Policy")." *Id.* ¶ 8. On or about March 10, 2020, FNWL "received and processed an Absolute Assignment Form designating Pearce as the owner of the Policy." *Id.* ¶ 9. On or about December 19, 2023, FNWL "received and processed an Absolute Assignment Form designating the Decedent as the owner of the Policy." *Id.* ¶ 10. The Decedent died on July 15, 2024, making the Policy death benefit due and payable to the beneficiary or beneficiaries. *Id.* ¶¶ 10–11.

FNWL did not receive any request to change the beneficiary of the Policy prior to the Decedent's death but received two claims to the Policy death benefit—one from Pearce and the other from Defendant Howard Hardin ("Hardin"). *Id.* ¶¶ 13–15. Hardin asserted a claim to the Policy death benefit "based on an alleged January 26, 2024[,] Beneficiary Change Form designating Hardin as the primary beneficiary of the Policy. *Id.* ¶ 15. FNWL has no record of receiving the January 26, 2024, Beneficiary Change Form, and states that it is "unable to determine the proper beneficiary of the Policy death benefit." *Id.* ¶¶ 16–17.

On June 2, 2025, FNWL filed its Complaint for Interpleader Relief against Defendants Pearce and Hardin. *See* Compl. On June 17, 2025, Pearce filed his answer, asserting a counterclaim against FNWL. ECF No. 8. On January 15, 2026, Pearce

25-CV-1392 JLS (MSB)

voluntarily dismissed his counterclaim against FNWL.  ECF No. 40.  FNWL now brings the present Motion seeking discharge, attorneys' fees, and dismissal from the case with prejudice.  Mot. at 1.

## DISCUSSION

Under Federal Rule of Civil Procedure Rule 22, "a party [may] file a claim for interpleader if there is a possibility of exposure to double or multiple liability." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012).  Rule 22 allows an interpleading party "to join [parties] with claims that may expose [the interpleading party] to double or multiple liability." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 893 (9th Cir. 2012).  "Interpleader actions have two stages where in the first stage, a court determines whether interpleader is appropriate and in the second, the rights of the claimants are adjudicated." *ReliaStar Life Ins. Co. v. Hill*, 2023 WL 9419140, at *2 (C.D. Cal. May 25, 2023) (citing *Prudential Ins. Co. of Am. v. Wells*, No. C09-132 BZ, 2009 WL 1457676, at *4 (N.D. Cal. May 21, 2009)).

"A stakeholder may file an interpleader action to protect itself against potential, as well as actual, claims." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010) (internal quotation marks omitted).  An interpleading stakeholder "need not sort out the merits of conflicting claims as a prerequisite to interpleader" but "good faith requires a real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Michelman*, 685 F.3d at 884 (citing *Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 448 F.2d 501, 504 (7th Cir. 1971)).  "A 'real and reasonable fear' does not mean that the interpleading party must show that the purported adverse claimant might eventually prevail." *Id.* (quoting *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008)).  "Rather, the stakeholder is required to demonstrate that the adverse claim has a 'minimal threshold level of substantiality.'" *Id.*  "The adverse claim—whether actual or potential—must be at least colorable." *Id.* (citing *Fonseca v. Regan*, 734 F.2d 944, 948–50 (2d Cir. 1984)).

/ / /

/ / /

25-CV-1392 JLS (MSB)

## I.    Discharge

"In 'any civil action of interpleader' a district court may discharge the interpleading plaintiff from further liability, enjoin the parties from instituting further related actions, and make all other appropriate orders." *Great Am. Life Ins. Co. v. Brown-Kingston*, No. 18-CV-2783-MCE-KJN, 2019 WL 8137717, at *3 (E.D. Cal. May 14, 2019) (citing 28 U.S.C. § 2361). "If an interpleader action is properly brought and the funds have been deposited with the court, a court should readily discharge a stakeholder absent bad faith or delay by the stakeholder." *Metro. Life Ins. Co. v. Billini*, No. CIV. S-06-2918 WBS KJM, 2007 WL 4209405, at *2 (E.D. Cal. Nov. 27, 2007) (citation omitted). Rule 22 interpleader is a procedural device and requires that jurisdiction be proper under 28 U.S.C. §§ 1331 or 1332. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988).

Here, the Court finds that the requirements for Rule 22 interpleader are satisfied. FNWL is a citizen of Washington, the Defendants are citizens of California, and the Policy death benefit exceeds $75,000. Mot. at 4. Therefore, the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. Further, the Court finds that FNWL is a disinterested stakeholder that has a good faith belief that it may be subject to multiple liability from the Defendants, and the Motion is unopposed. *See* ECF No. 48. The funds have been deposited with the Court, ECF No. 29, and there is no evidence of bad faith or delay by FNWL. Therefore, FNWL's Motion is **GRANTED** and FNWL is discharged from this action **WITH PREJUDICE** and Defendants are **ENJOINED** from instituting any further litigation against FNWL relating to the Policy. *See ReliaStar Life Ins. Co.*, 2023 WL 9419140, at *3 (granting unopposed motion discharging plaintiff and enjoining defendants from instituting or prosecuting any proceeding against plaintiff after plaintiff had properly initiated the interpleader action and deposited the disputed funds with the court).

/ / /

/ / /

/ / /

4

25-CV-1392 JLS (MSB)

## II.    Attorney's Fees

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trs. of Directors Guild of Am.-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000) (citation omitted).  "[A]ttorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the [stakeholder's] release from liability . . . ." *Id.*  "Moreover, because the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* at 427.

Here, FNWL requests attorneys' fees and costs of $7,500, "to be awarded from the Sum on deposit in the Court's Registry." Mot. at 5.  While Plaintiff does not provide billing records or declarations in support of its Motion, the Court finds this request reasonable as the Motion is unopposed, and other courts in the Ninth Circuit have awarded similar fees. *See, e.g.*, *Nw. Mut. Life Ins. Co. v. Zatkulak*, No. 24-CV-01708-CKD, 2024 WL 4769217, at *3 (E.D. Cal. Nov. 13, 2024) (awarding $6,000 as reasonable attorneys' fees); *Transamerica Life Ins. Co. v. Shubin*, No. 11-CV-01958-LJO, 2012 WL 2839704, at *12 (E.D. Cal. July 10, 2012) (awarding $7,164.25 in reasonable attorneys' fees and costs); *Metro. Life Ins. Co. v. Concepcion Flores Molina*, No. 23-CV-01553-CDB, 2024 WL 713446, at *4 (E.D. Cal. Feb. 21, 2024) (finding reasonable a $4,500 attorneys' fee request based on a non-opposition from the parties with an interest in the disputed funds). Therefore, Plaintiff's request for attorneys' fees and costs is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

25-CV-1392 JLS (MSB)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Farmers New World Life Insurance Company's Unopposed Motion for Discharge, Attorneys' Fees, and Dismissal with Prejudice (ECF No. 42).  The Court **ORDERS** as follows:

1. Plaintiff is **DISCHARGED** of liability to Defendants with respect to the funds deposited with the Court that are the subject of the Policy and this action.

2. Plaintiff is **DISMISSED** from this action **WITH PREJUDICE**.

3. Defendants are permanently **ENJOINED** from instituting any suit against Plaintiff with respect to the Policy funds.

4. The Clerk of Court **SHALL** pay Plaintiff attorneys' fees and costs in the amount of $7,500 from the sum on deposit in the Disputed Ownership Fund (DOF) of the Court Registry Investment System (CRIS).

**IT IS SO ORDERED.**

Dated:  March 20, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-1392 JLS (MSB)